COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-206-CV

 

 

BUI PHU XUAN                                                                   APPELLANT

 

                                                   V.

 

FORT WORTH STAR-TELEGRAM                                               APPELLEE

 

                                              ------------

 

           FROM
THE 153RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

Bui Phu Xuan appeals from a
summary judgment for the Fort Worth Star-Telegram on Bui=s libel claim.  We affirm.








In May 1998, Bui was
convicted of murder and sentenced to ninety-nine years in prison.  During his trial, the State offered evidence
that Bui was a member of a criminal street gang known as the AAngel Boys@ and had
committed numerous offenses, including the sale and distribution of crack
cocaine, theft, assault, extortion, prostitution, aggravated robbery, burglary,
insurance fraud, and sexual assault of a child.[2]  Further, Bui=s appearance bond was conditioned upon him having Ano gang affiliation or voluntary contact with any gang.@  Between February 28, 1991 and
May 20, 1998, the Star-Telegram published twelve articles concerning the murder
committed by Bui and covering his trials. 
Five of those articles referred to Bui=s reputed Asian gang membership.[3]








On February 7, 2005, while
Bui was serving his prison term, his fourteen-year-old daughter, Lan, was
stabbed to death near her home in Haltom City. 
On February 12 and 13, 2005, the Star-Telegram published two articles
about Lan=s murder and
referred to Bui=s earlier
murder conviction and his reputed gang affiliation.  The Star-Telegram also published an edited
version of one article in its Spanish-language publication, La Estrella.  Specifically, the Star-Telegram articles
stated that Bui was a Areputed Asian
gang leader@ and Awas known by gang officers and Tarrant County prosecutors as a gang
leader.@ 

Thereafter, Bui filed the
underlying lawsuit, alleging that the Star-Telegram=s 2005 references to his reputed gang membership had

defamed
[him] in permanent form of libel which was communicated to all people of Texas
as well as all the people of this country and this defamation of character is
damaging [his] reputation and is causing mental anguish, emotional stress,
paranoia, and surely jeopardizes [his] life as long as he remains confined in
prison. 

 

The Star-Telegram moved for a traditional summary
judgment on the ground that Bui is libel-proof as a matter of law.  After a hearing, in which Bui participated by
telephone, the trial court granted the Star-Telegram=s motion.  Bui filed a AMotion [to] Modify the Judgment,@ which the trial court treated as a motion for new trial and
denied.  This appeal followed. 








In his two issues, Bui
complains that the trial court improperly granted the summary judgment because
the Star-Telegram must be responsible for its abuse of the freedom of the press
guaranteed by the Texas Constitution.[4]  Bui argues that the summary judgment evidence
raises a fact issue concerning whether he is libel-proof with regard to the
Star-Telegram=s 2005
comments regarding his alleged gang affiliation.  He contends that his murder conviction, which
he concedes was public knowledge, was completely unrelated to the Star-Telegram=s reports of his reputed gang activity and that he had never been
convicted of organized crime or of being a gang member. 

A defendant who conclusively
negates at least one essential element of a cause of action is entitled to
summary judgment on that claim.[5]  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s favor.[6]








A libel is a defamation
expressed in written or other graphic form that tends to (1) blacken the memory
of the dead, (2) injure a living person=s reputation and thereby expose the person to public hatred, contempt
or ridicule, or financial injury, (3) impeach any person=s honesty, integrity, virtue, or reputation, or (4) publish the
natural defects of anyone and thereby expose the person to public hatred,
ridicule, or financial injury.[7]

A libel‑proof plaintiff
is one whose reputation on the matter at issue is so diminished that, at the
time of an otherwise libelous publication, it could not be damaged further.[8]  Courts have found the doctrine particularly
suitable when plaintiffs who are notorious for past criminal behavior assert
that they have been libeled by communications charging them with identical or
similar behavior.[9]  To justify applying the doctrine, the
evidence of record must show not only that the plaintiff engaged in criminal or
antisocial behavior in the past, but also that his activities were widely
reported to the public.[10]








In this case, the evidence
shows that Bui=s reputed
Asian gang membership was widely reported by the Star-Telegram as early as 1994
and that the State also introduced evidence of his gang membership during his
1998 murder trial.  Consequently, Bui=s reputation was so diminished that it could not have been injured
further as a result of the 2005 Star-Telegram articles that again referred to
Bui=s reputed gang membershipCeven if the statements were not true. 
Accordingly, we hold that the trial court properly granted the
Star-Telegram summary judgment on the ground that Bui was libel-proof.  We overrule Bui=s issues[11]
and affirm the trial court=s summary judgment.    

 

PER CURIAM

PANEL F: 
CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DELIVERED:  February 22, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]In
his AObjection
to Appellee=s
Brief,@ Bui
argues that the extraneous offense evidence is not competent summary judgment
evidence because it was fabricated by the District Attorney.  Bui did not raise this argument in the trial
court; therefore, it is waived on appeal and we will not address it. See
Tex. R. App. P. 33.1(a); Wilcox
v. Hempstead, 992 S.W.2d 652, 656-57 (Tex. App.CFort
Worth 1999, no pet.).





[3]For
example, a March 1994 article stated,

 

Tarrant
County prosecutors, gang officers and some longtime Vietnamese residents tell
of a frighteningly different man: They portray 32-year-old Bui as a veteran
Asian gang leader known more for allegations of intimidation and extortion than
for being helpful. 

 

Four
other Star-Telegram articles stated that Bui was Aknown
to@ or Acharacterized
by@
Tarrant County authorities as an Asian gang leader. 





[4]AEvery
person shall be at liberty to speak, write or publish his opinions on any
subject, being responsible for the abuse of that privilege[.]@  Tex.
Const. art. 1, ' 8.





[5]IHS
Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason, 143
S.W.3d 794, 798 (Tex. 2004); see Tex.
R. Civ. P. 166a(b), (c).





[6]IHS
Cedars Treatment Ctr., 143 S.W.3d at 798.





[7]Tex. Civ. Prac. & Rem. Code Ann. '
73.001 (Vernon 2005).





[8]McBride
v. New Braunfels Herald‑Zeitung, 894 S.W.2d 6, 9 (Tex. App.CAustin
1994, writ denied); Langston v. Eagle Publ=g
Co., 719 S.W.2d 612, 621 (Tex. App.CWaco 1986, writ ref=d
n.r.e.).





[9]McBride, 894
S.W.2d at 9.





[10]Id. at
10.





[11]Bui
also argues that the trial court=s grant of summary judgment
for the Star-Telegram based on the libel-proof doctrine violates the open
courts, due course of law, and double jeopardy provisions of the Texas Constitution
and constitutes cruel and unusual punishment. 
Bui cites no legal authority to support his position, and our research
has revealed none; therefore, we will not consider this argument.  See Fredonia State Bank v. Gen. Am. Life
Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994) (citing the long-standing rule
that a point may be waived due to inadequate briefing).